## BANK OF WATER VALLEY *v.* SOUTHERN EXPRESS CO.

CARRIER. *Delay in presenting check. Cause of loss.*

Where a check, which would have been paid on due presentation, is sent by express to the payee, in this state, and is by him forwarded by mail for collection, reaching the city of the bank on which it is drawn in good time for presentation before the failure of the drawer, but presentation is delayed until near the end of the day, when payment is refused, because the bank has then learned of the failure of the drawer, the loss to the payee is caused by the delay in presentation, and the express company cannot be held liable because of previous delay by it in delivering the check to him.

FROM the circuit court of the second district of Yalobusha county.

HON. EUGENE JOHNSON, Judge.

Action by the Bank of Water Valley against the Southern Express Company to recover $1,048, damages for the alleged negligence of defendant in failing to promptly deliver a package containing a check for that amount. On December 17, 1891, after the only train going to Water Valley from Greenville had left, the package was delivered by the Bank of Greenville to the defendant company at Greenville, Miss., to be transported to appellant at Water Valley, Miss. No notice was given the defendant of its contents. On the back of the envelope was written the words, "$50 value—docu-

ments." The agent of defendant gave a receipt for the package in the usual form, the blanks therein having been filled out by the shipper, showing that the package was of the value of $50, and contained "documents." The package was sent from Greenville by the first express-train after it was received, arriving at Water Valley on Friday night, December 18. On the trial the defendant's agent at Water Valley testified that he notified the cashier of the bank of its arrival on the morning of Saturday, December 19. This the cashier denied, asserting that he knew nothing of the arrival of the package until it was delivered on Monday morning following. The check represented money which the Bank of Greenville had collected for the Bank of Water Valley, and was drawn on the Whitney National Bank, of New Orleans, La. It was delivered to the Bank of Water Valley on Monday morning, and was by it forwarded by that day's mail to its correspondents, Bickham & Moore, in New Orleans, for collection. They received it on Tuesday morning, and if they had presented it promptly, it would have been paid. Between two and three o'clock of that day the Bank of Greenville, drawer of the draft, failed. The check was protested for non-payment some time in the afternoon of Tuesday; but there was evidence that payment was not refused until the next morning. The record fails to show any reason why Bickham & Moore failed to present the check more promptly. Plaintiff sustained a loss to the amount of the check, the Bank of Greenville being insolvent. On the trial the court gave a peremptory instruction for defendant. Verdict and judgment accordingly. After motion for new trial overruled, plaintiff appealed.

*I. T. Blount,* for appellant.

Defendant's negligence seems to have been virtually conceded in the court below. The package was recklessly delayed in transportation. The object of sending packages by express is to insure safety and dispatch. Here the company,

a common carrier, undertook to perform the duty of transporting the package promptly, and wholly failed to discharge this duty. It is clearly shown that if the check had been promptly received and presented to the Whitney National Bank, it .would have been paid. But for the carelessness of defendant, the package would have been forwarded three days earlier than it was. This delay was the direct cause of the loss, and the defendant should be held liable therefor.

*R. N. Miller*, for appellee.

There was nothing about the package to show that it contained a check for $1,048.40. Its value was fixed at $50. On this point, see Hutchinson on Carriers, §§ 212, 215. The carrier was wholly without notice of the value of the package, or that there was any urgency in its transportation and delivery.

The check reached New Orleans Tuesday morning, and if it had been presented at any time during business hours of that day, it would have been paid.

Woods, J., delivered the opinion of the court.

The action is not for recovery for the value of an article lost. There was no loss. There was only a day's delay in the delivery at the terminus of the carriage. But we are not prepared to say that this was negligence. There was nothing in the package's appearance or its indorsements that indicated any necessity for promptness in transmission or delivery. There was much to the contrary. The sender of the package represented the draft to be "papers," and of the value of $50. The express company's servants might well have relied on these representations, and used such dispatch in delivering as was apparently needful, regard being had to the nature of the package as it appeared to such servants.

Independently of this, however, there was no hurtful delay on the company's part, for the draft was in the hands of the New Orleans correspondent of the appellant bank in good

time for presentation to the Whitney National Bank before the suspension of the Greenville bank was known in New Orleans, and before there was an actual suspension. The fatal delay was in New Orleans, and not in Water Valley, as the complainant supposes.

*Affirmed.*